# Third District Court of Appeal

## State of Florida

Opinion filed February 19, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0086
Lower Tribunal No. 19-16957
_____

## Kymed, Ltd.,

Appellant,

vs.

## In Re: The Marriage of Marguerite Malek v. Pierre Marc Malek, et al.,

Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Jason Emilios Dimitris, Judge.

Martínez-Cid Law, and Jordi C. Martínez-Cid and Whitley Mann; León Cosgrove Jiménez LLP, and Marcos D. Jiménez and Sofia Manzo, for appellant.

Crabtree, Auslander & Tackenberg, and Charles M. Auslander, John G. Crabtree, and Brian C. Tackenberg; Paul A. McKenna & Associates, P.A., and Paul A. McKenna, for appellee Marguerite Malek n/k/a Marguerite Michel.


Before MILLER, GORDO and BOKOR, JJ.

PER CURIAM.

Affirmed. See Nat'l Med. Imaging, LLC v. Lyon Fin. Servs., Inc., 347 So. 3d 63, 64 n.2 (Fla. 3d DCA 2020) (holding that subsequent panels of this Court are bound by the holding of prior panels unless overruled en banc or by the Florida Supreme Court); Malek v. Malek, 346 So. 3d 179, 182 (Fla. 3d DCA 2022) ("Identification of Kymed as a party is merely incidental to the court's jurisdiction to determine who owns the corporation. . . . On de novo review of the record on appeal, we conclude there is no arbitrable issue as between Kymed and Mrs. Malek, Dr. Malek, and Loris. The trial court has jurisdiction over the parties and can determine the ownership of Kymed for purposes of partitioning the parties' properties in the dissolution proceedings."); see also Salazar-Abreu v. Walt Disney Parks & Resorts U.S., Inc., 277 So. 3d 629, 631 (Fla. 5th DCA 2018) (explaining that a party must show prejudice resulting from the action sought to be estopped).